PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2000 T oyota Camry struck a hole on the berm of Route 2 in Millwood, Jackson County. Route 2 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 7:30 a.m. on July 22, 2004, a rainy day. Route 2 is a two-lane paved road with a center line and edge lines. The posted speed limit on this road is fifty-five miles per hour. Claimant was traveling to work on Route 2 at a speed of approximately fifty miles per hour when she *99 noticed that an oncoming truck was traveling close to the center line. In order to avoid a potential collision, the claimant maneuvered her vehicle closer to the edge of the road where her vehicle struck a hole. The hole was located along the white edge line and was approximately nine inches deep. Claimant lost control of her vehicle, and her vehicle struck a storm drain causing the vehicle to flip on its top. As a result, the vehicle was totaled in this incident. Claimant stated that she traveled on Route 2 several times a month prior to the time of this incident.
Claimant purchased the vehicle for $10,399.00 five months before this incident occurred. The Kelley Blue Book value of the vehicle is $9,810.00. Claimant’s insurance company paid $1,397.27 to the claimant, thus the amount of her claim is $8,412.73.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 2 at the site of claimant’s incident for the date in question. Terry Johns, Crew Supervisor for respondent in Jackson County, explained the cause of the erosion on Route 2. Since Route 2 is an expressway, many heavy trucks travel on this roadway, which causes the shoulder to erode. Mr. Johns further stated that the erosion of the berm in this area is an ongoing problem. Mr. Johns testified that his employees travel on this road at least once a week.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the condition on Route 2 on the date in question. The size of the hole and the time of year in which this incident occurred leads the Court to conclude that respondent had notice of the hole and had an adequate amount of time to take corrective action. Since respondent’s employees frequently travel on this road, the Court finds that respondent should have maintained this portion of Route 2 in proper repair to avoid creating a hazard to the traveling public. Consequently, there is sufficient evidence of negligence upon which to justify an award. Thus, claimant may make a recovery in the amount of $8,412.73.
In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to make an award in the amount of $8,412.73.
Award of $8,412.73.